## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOSE B. OLIVERO-LEGER,       :

       **Plaintiff,**       :       **CIVIL ACTION NO. 20-2288**

       **v.**       :       **(JUDGE MANNION)**

**DEAN LAMOREAUX, et al.,**       :

       **Defendants.**       :

### MEMORANDUM

Presently before the court is defendants, Dean Lamoreaux and Wayne Fellows, Inc.'s, motion for summary judgment. (Doc. 36). The defendants filed a brief in support of their motion, (Doc. 37), but did not file a separate statement of material facts. Plaintiff filed a brief in opposition, (Doc. 38), and a "response" to defendants' motion for summary judgment, (Doc. 39). Defendant, Black Horse Carriers, Inc., filed a brief in opposition to Lamoreaux and Fellows' motion for summary judgment, (Doc. 40).

### I.   BACKGROUND

This dispute arises from a motor vehicle accident that occurred on January 8, 2019 on I-81 in Great Bend Township, Susquehanna County, Pennsylvania. Plaintiff was driving a tractor trailer on I-81 and pulled over on the shoulder of the roadway. At some point thereafter, plaintiff's vehicle was

allegedly struck by two other tractor trailers. One of the alleged tractor trailers was driven by Richard Myer. Another was allegedly driven by Dean Lamoreaux. Plaintiff sued both drivers for injuries related to the accident on January 8, 2019.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247

(3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must do more than simply show that there is some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial, Rule 56 mandates the entry of summary judgment because such a failure necessarily renders all other facts

- 3 -

immaterial. <u>Celotex Corp.</u>, 477 U.S. at 322-23; <u>Jakimas v. Hoffman-La Roche, Inc.</u>, 485 F.3d 770, 777 (3d Cir. 2007).

## III.   DISCUSSION

In an attempt to demonstrate that there are no material issues of fact for trial and that they are entitled to judgment as a matter of law, the defendants filed a motion for summary judgment. In considering the defendants' filing, contrary to Middle District of Pennsylvania Local Rules of Court, Local Rule 56.1, the defendants have failed to file a statement of material facts with appropriate record citations in support of their motion. Local Rule 56.1 provides, in relevant part:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
> * * *
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

As this court has previously discussed, the requirement of a statement of undisputed material facts, as provided for in Local Rule 56.1, is consistent with Fed.R.Civ.P. 56, which requires the movant to show that there are no genuine issues of material fact for trial. <u>Rocuba v. Mackrell</u>, 2011 WL

- 4 -

6782955 (M.D. Pa. Dec. 21, 2011). Moreover, the purpose of the factual statements required by Local Rule 56.1 is not insignificant:

> These statements are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

Id. (citing Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994) (addressing Local Rule 56.1 for the Southern District of Indiana which provides requirements strikingly similar to that of Local Rule 56.1 for the Middle District of Pennsylvania). See also Ritter v. Virtue, 2010 WL 4942107, at *3 n. 1 (M.D. Pa. Nov. 30, 2010) ("We will dismiss defendant DeLong's motion for summary judgment for failure to conform her motion to the local rules. Local Rule 56.1 requires that when a defendant files a motion for summary judgment the motion must be accompanied by a separate statement of material facts. Here, DeLong failed to file such a statement."); Equipment Finance, LLC v. Hutchison, 2010 WL 3791481 (E.D. Pa. Sept. 24, 2010) (denying movant's motion for summary judgment for failure to file a statement of undisputed material facts)).

Based upon the foregoing, the defendants' motion for summary judgment will be dismissed for their failure to comply with the requirements of L.R. 56.1.

An appropriate order will follow.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 3, 2023**
20-2288-02